**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Maurice Ware,<br><br>   Petitioner,<br><br>v.<br><br>Ryan Thornell,<br><br>   Respondent. | No. CV-21-02142-PHX-ROS<br><br>**ORDER** |

Petitioner Edward Ware filed a petition for writ of habeas corpus, asserting three claims. Magistrate Judge James F. Metcalf issued a Report and Recommendation ("R&R") concluding one claim could not be asserted in these proceedings because Ware could have filed it in his earlier federal habeas petition. The R&R also concluded the remaining two claims were not filed within the one-year statute of limitations. Ware filed lengthy objections. Even applying a more generous approach to the timeliness issue than set forth in the R&R, the petition is untimely. Therefore, the R&R will be adopted, and the petition denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

Pursuant to a plea agreement, Ware pled guilty in 2007 to conspiracy to commit first degree murder and was sentenced to "Life (with possibility of parole after 25 calendar years)." (Doc. 15-1 at 74). The mention of "parole" in Ware's sentence is the basis for his current claims.

"[I]n 1993 Arizona eliminated parole for all offenders . . . who committed offenses

after January 1, 1994." *State v. Valencia*, 386 P.3d 392, 394 (Ariz. 2016). Despite that, Arizona continued to impose sentences that referenced the possibility of parole.[1] Those "illegally lenient" sentences became an issue when defendants who had committed their crimes after 1994 approached the time when, based on their sentences, they would soon become eligible for parole. *See Chaparro v. Shinn*, 459 P.3d 50, 54 (Ariz. 2020) (discussing "illegally lenient" sentences). The Arizona legislature addressed this issue by passing a statute formally recognizing the possibility of parole for certain defendants.

On April 30, 2018, the Arizona governor signed a bill that attempted to clarify parole eligibility for certain defendants with post-1994 sentences that referenced parole. The new law states a defendant "who was convicted of first degree murder and who was sentenced to life with the possibility of parole after serving a minimum number of calendar years pursuant to a plea agreement that contained a stipulation to parole eligibility is eligible for parole after serving the minimum number of calendar years that is specified in the sentence." A.R.S. § 13-718(A). The new law also specifies that if such a defendant is granted parole, the defendant "shall remain on parole for the remainder of [his] life." *Id.* The law was not identified as an emergency measure, meaning it did not take effect until August 3, 2018, ninety days after the legislature adjourned. Ariz. Const. art. 4, pt. 1, § 1 (bills take effect ninety days after adjournment); https://www.azleg.gov/general-effective-dates/ (listing effective dates).

On March 11, 2019, Ware filed a petition for post-conviction relief in state court. (Doc. 15-2 at 12). That petition argued the 1994 statute that abolished parole was "unconstitutionally vague." (Doc. 15-2 at 22). The petition also argued the 2018 law

---

[1] The R&R cites an Arizona statute passed after the 1994 abolishment of parole. That later statute allegedly "acknowledged the availability of parole for first degree murder." (Doc. 28 at 3). It appears that statute was referenced by Arizona courts in passing. *See, e.g.*, *State v. Cruz*, 181 P.3d 196, 207 (Ariz. 2008) ("No state law would have prohibited Cruz's release on parole after serving twenty-five years, had he been given a life sentence."). However, it is now clear all references to parole for offenses after 1993 were incorrect. The Supreme Court of the United States has recognized, without objection by Arizona, that parole was not possible for any felonies committed after 1993. *Lynch v. Arizona*, 578 U.S. 613, 614 (2016) (quoting Arizona Supreme Court's statement "parole is available only to individuals who committed a felony before January 1, 1994"); *Cruz v. Arizona*, 143 S. Ct. 650, 655 (2023) ("Arizona amended its parole statute to abolish parole for all felonies committed after 1993.").

impermissibly increased Ware's punishment in violation of the Ex Post Facto Clause. (Doc. 15-2 at 28). One aspect of the Ex Post Facto argument was Ware's belief the 2018 law increased his punishment by extending the length of his parole. According to Ware, prior to the 2018 law he was eligible to be paroled and, eventually, discharged from parole. (Doc. 15-2 at 29). The 2018 law, however, means that if Ware is paroled, he must remain on parole for the remainder of his life.

On January 10, 2020, the state trial court denied Ware's petition. The state court's reasoning, however, was not entirely clear. The state court first determined that, at the time of Ware's crime and plea, the relevant statute "provided that the sentencing options included life with the possibility of parole after serving 25 calendar years." (Doc. 15-2 at 110). The state court noted the Arizona legislature "is presumed to know what it is doing, and so, will enact enabling legislation to effectuate the parole option" Ware was sentenced under. In other words, the state court seemed to believe Arizona law at the time of Ware's sentencing included parole as an option, even if the legislature had not yet enacted "enabling legislation." That was incorrect because parole was not available for any felony at the time of Ware's sentence.

Despite stating the law in effect at the time of Ware's sentencing allowed for parole, the state trial court then held the 2018 law applied to Ware and Ware must be "deemed eligible for parole or release pursuant to [the 2018 law]." (Doc. 15-2 at 110). The court did not provide any explanation why the 2018 law was relevant if parole had always been available to Ware. But invoking the 2018 law apparently meant that, should Ware obtain parole, he must remain on parole for the remainder of his life.

Ware was not satisfied with the state trial court's rulings, and he filed a petition for review with the Arizona Court of Appeals. That court granted review but denied relief. The court of appeals did not provide any explanation of its decision to deny relief. Ware did not file a petition for review with the Arizona Supreme Court. On November 19, 2020, the Arizona Court of Appeals issued its mandate. (Doc. 25-1 at 2).

On September 20, 2021, Ware filed an application with the Ninth Circuit to file a

"second or successive" habeas petition. Ware had filed a federal petition in 2016 attacking his original conviction. That petition had been denied as time barred. In his 2021 filing at the Ninth Circuit, Ware sought permission to file claims very similar to those he filed in his 2019 state post-conviction relief proceedings. That is, Ware sought permission to file one claim arguing the 1994 Arizona statute abolishing parole was unconstitutionally vague and two claims based on application of the 2018 law to his sentence. On November 10, 2021, the Ninth Circuit denied permission to file a second or successive petition containing a claim attacking the constitutionality of the 1994 Arizona statute. The Ninth Circuit held, however, Ware did not need permission to file his other claims based on the 2018 statute. Those claims did not qualify as "second or successive" because they were based on events that occurred after Ware's earlier federal petition. On December 14, 2021, Ware filed his federal petition in this court. (Doc. 1). Despite not receiving permission from the Ninth Circuit, the federal petition included the claim regarding the constitutionality of the 1994 statute. The petition also included the two claims the Ninth Circuit had noted did not require permission.

After receiving extensive briefing from the parties, the Magistrate Judge determined the Ninth Circuit's refusal to allow Ware's claim attacking the 1994 law meant Ware could not pursue that claim in district court. The Magistrate Judge then concluded the one-year statute of limitations barred Ware's two claims involving the 2018 law. The one-year period allegedly started "running no later than June 29, 2018 when, with due diligence, [Ware] could have discovered" the new 2018 law. The statute of limitations was tolled while Ware pursued post-conviction relief in state court (*i.e.*, March 11, 2019 through November 19, 2020). But after the mandate was issued in those proceedings, the statute of limitations began running again and expired on March 9, 2021, long before Ware filed his federal petition on December 14, 2021. The Magistrate Judge recommended the Court find, based on the relevant dates and the lack of an adequate basis for equitable tolling, that Ware's claims based on the 2018 law are time barred. Ware filed objections while Respondents did not.

## ANALYSIS

As an initial matter, the precise reason Ware believes his constitutional rights have been violated is not clear. At the time of his plea agreement, Arizona's conspiracy statute provided conspiracy to commit a class 1 felony, such as first-degree murder, was "punishable by a sentence of life imprisonment without possibility of release on any basis until the service of twenty-five years." A.R.S. § 13-1003. Because parole had been abolished in 1994, the only "release" Ware could obtain after serving twenty-five years would have been "executive clemency." *State v. Lynch*, 357 P.3d 119, 139 (Ariz. 2015), *rev'd*, 578 U.S. 613 (2016). Thus, Ware's sentence making him eligible for "parole," was "illegally lenient" under Arizona law. *Chaparro v. Shinn*, 459 P.3d 50, 54 (Ariz. 2020) (concluding "illegally lenient" sentences granting parole are enforceable).

Despite Ware being statutorily ineligible for parole under the governing law in 2006, the state court has already ruled Ware will be eligible for parole after serving twenty-five years. The state did not appeal that decision, meaning Ware's parole eligibility cannot be challenged. *See Shinn v. LeMaire*, No. 1 CA-SA 21-0185, 2022 WL 465426, at *3 (Ariz. Ct. App. Feb. 15, 2022) (noting state's "failure to appeal the illegally lenient sentence" meant defendant was entitled to parole proceedings). Thus, to the extent Ware's recent efforts were aimed at obtaining confirmation he will be eligible for parole, the state court has already provided that confirmation. Ware believes he is entitled to additional relief, but the exact type of relief is not clear.

Ware's federal petition contains two claims involving the 2018 law. Both claims appear to involve Ex Post Facto theories.[2] *See Gilman v. Brown*, 814 F.3d 1007, 1014 (9th Cir. 2016) ("A change in law violates the Ex Post Facto Clause of the Federal Constitution when it inflicts a greater punishment[ ] than the law annexed to the crime, when committed."). The first claim is premised on Ware's belief that the 2018 changed his sentence to a "natural life sentence." (Doc. 1 at 28). The second claim is premised on

---

[2] Ware also asserts a claim attacking the constitutionality of the 1994 statute. The Ninth Circuit did not grant Ware permission to file a second or successive petition asserting that claim. Based on that, the Magistrate Judge correctly concluded this claim cannot be entertained.

Ware's belief the 2018 law violated the terms of his plea bargain by altering the length of Ware's possible parole. The Magistrate Judge concludes the merits of Ware's claims cannot be reached because Ware waited too long to file his federal petition. Ware objected, claiming the Magistrate Judge's time calculation is incorrect. Even under an exceptionally generous calculation of the applicable time period, Ware's claims are time-barred.[3]

Ware admits he first learned of the 2018 statute on February 27, 2019. (Doc. 32 at 7). Given that knowledge, the one-year statute of limitations began to run at that time. Ware filed state post-conviction relief proceedings on March 11, 2019, and the mandate was issued on November 19, 2020. Assuming Ware is entitled to statutory tolling for the entire period those state proceedings were pending, the federal statute of limitations began running again on November 20, 2020.[4] On September 20, 2021, Ware sought permission from the Ninth Circuit to file a second or successive habeas petition. On November 10, 2021, the Ninth Circuit ruled Ware did not need permission to file his claims involving the 2018 state law. Ware then filed his federal petition on December 10, 2021.

Based on this sequence of events, the limitations period began on February 27, 2019, and ran for a few weeks before Ware initiated his state-court proceedings. Those proceedings ended in November 2020 and the limitations period then ran for approximately 13 months until Ware filed his petition on December 10, 2021. Thus, under this calculation the petition is untimely by more than one month. Ware argues he is entitled to equitable tolling for some periods of time such that his petition is timely. But even concluding

---

[3] Based on his sentencing date in 2007 and the presentence credit he received, Ware will not be eligible for parole until approximately 2030. It is not clear if Ware will, in fact, be paroled, nor is it certain if he is paroled that the term of that parole will be the remainder of Ware's life. Thus, Ware's challenge to the length of his future parole may not yet be ripe. However, Ware argues the 2018 law violated his constitutional rights by changing his sentence to "natural life" and by changing the terms of his plea bargain. These assertions are ripe for review as they do not depend on contingent future events.

[4] On May 23, 2023, the Ninth Circuit held a petition for post-conviction relief in Arizona remains "pending" until no "state avenue for relief remain[s] open, whether or not [the prisoner takes] advantage of it." *Melville v. Shinn*, No. 21-15999 (9th Cir.). Ware obtained an extension of time until October 28, 2020, to seek review by the Arizona Supreme Court. (Doc. 26 at 26). Ware did not file a petition. (Doc. 26 at 28). Thus, *Melville* appears to establish October 28, 2020, as the date Ware's post-conviction relief petition was no longer "pending." Under this analysis, Ware's filing on December 10, 2021, is even more untimely than the generous calculation set forth in the body of this Order.

equitable tolling applies for all the time Ware allegedly was prevented from filing his petition, his petition is still untimely.

Ware's equitable tolling arguments center on the allegedly inadequate prison law library. (Doc. 32 at 9-12). The problem with Ware's arguments is the Ninth Circuit recently clarified how equitable tolling should be applied in habeas cases. Under that approach and the undisputed facts regarding the prison law library, Ware is not entitled to enough equitable tolling to render his petition timely.

Pursuant to *Smith v. Davis*, 953 F.3d 582 (9th Cir. 2020), equitable tolling is appropriate only when a prisoner "has been pursuing his rights diligently" as shown by evidence he was "reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." *Id.* at 598-99. Importantly, this approach means the limitations period does not "stop" while there is an impediment preventing filing. Rather, the limitations period continues to run and equitable tolling applies only upon the prisoner showing diligence for the entire time he believes tolling should be applied, up through the day he files his claim in federal court. Here, Ware's one year limitations period began February 27, 2019, but then stopped for a lengthy period From March 11, 2020, to November 10, 2020, while the state court post-conviction relief proceedings were pending. Ignoring the few weeks before Ware initiated the state court proceedings, his one-year limitations period expired no later than November 11, 2021.

Assuming for the moment the prison library was inadequate and would entitle Ware to equitable tolling, that impediment disappeared no later than September 20, 2021, when Ware filed documents with the Ninth Circuit. Those documents contained the relevant facts as well as Ware's planned claims. (Doc. 1-1 at 19). Thus, as of September 20, 2021, any possible basis for equitable tolling linked to an inadequate law library ceased to exist. Despite that, Ware did not file his federal petition until December 10, 2021. That was past the one-year deadline.[5]

---

[5] The fact that Ware incorrectly filed his proposed claims with the Ninth Circuit is not a sufficient basis for statutory tolling. That type of tolling is only available when there are

Ware might be entitled to equitable tolling while the Ninth Circuit proceedings were ongoing. A legal mistake such as filing in the wrong court probably is not a sufficient basis for equitable tolling. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."). But even assuming equitable tolling applied to the period Ware's application was pending at the Ninth Circuit, his petition *still* was filed too late.

As mentioned earlier, equitable tolling does not mean the limitations period stops running. Thus, the limitations period expired no later than November 20, 2021. As of that date, the Ninth Circuit had already ruled on Ware's application. Giving Ware every benefit of the doubt, he was entitled to equitable tolling up until the Ninth Circuit ruled on November 10, 2021. After that date, there remained no plausible basis for equitable tolling. That is, there was no problem with the law library preventing Ware from filing and Ware knew he could file his petition with the district court. But instead of immediately filing his petition, Ware waited a full month after the Ninth Circuit's order. The lack of diligence during that month means Ware is not entitled to equitable tolling.

The Magistrate Judge conducted a different analysis in the R&R and concluded Ware's petition was time-barred. The correctness of that analysis is immaterial because, as set forth above, Ware cannot establish timeliness using a potentially overly generous approach. The R&R analyzed other issues, including whether Ware is eligible for the "actual innocence" exception to the statute of limitations. The R&R's other analyses are correct and will be adopted with the exception that no certificate of appealability will be granted.

Accordingly,

**IT IS ORDERED** the Motion for Leave to File Excess Pages (Doc. 31) is **GRANTED**. The Clerk of Court shall file the document lodged at Doc. 32.

**IT IS FURTHER ORDERED** the Report and Recommendation (Doc. 28) is

---

pending state proceedings. 28 U.S.C. § 2244(d)(2); *Duncan v. Walker*, 533 U.S. 167, 172 (2001) (holding § 2244(d)(2) applies only to state proceedings).

1 **ADOPTED IN PART** as set forth above.  The petition for writ of habeas corpus (Doc. 1) is **DENIED**.  The Clerk of Court shall enter a judgment of dismissal with prejudice and close this case.

**IT IS FURTHER ORDERED** a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because dismissal is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

Dated this 24th day of May, 2023.

_____
Honorable Roslyn O. Silver
Senior United States District Judge